■ MICHAEL J. MILLER, Appellant, v HILMAN KELLY COMPANY and/or its Successor in Interest, BASSH & ROSS, a Division of MARTIN DECKER COMPANY, a Division of COOPER INDUS-

TRIES, et al., Defendants, and VARCO B.J. OIL TOOLS, as Successor in Interest to B.J. MACHINERY, Respondent. (Appeal No. 1.) —Order and judgment unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Defendants' notices to admit were palpably improper. Defendants did not seek admissions with respect to " 'clear-cut matters of fact' " about which they reasonably believed there could be no dispute or controversy (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3123:1, at 710, citing *Spawton v Strates Shows,* 75 Misc 2d 813, 814; *see,* CPLR 3123 [a]; *Taylor v Blair,* 116 AD2d 204, 206). Instead, defendants sought admissions of contested ultimate issues by seeking to have plaintiff subvert the basic premise of his complaint and concede his entire claim against these defendants *(Taylor v Blair, supra; Villa v New York City Hous. Auth.,* 107 AD2d 619, 620). Because that tactic went far beyond the permissible scope of a notice to admit, plaintiff was under no obligation to respond. Thus, it was error for the court to grant defendants summary judgment on the basis of the unanswered notices. (Appeal from Order and Judgment of Supreme Court, Chautauqua County, Adams, J.—Summary Judgment.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.