■ HSBC Bank USA, N.A., Respondent, v Joyce Halls et al., Defendants, and Mortgage Electronic Registration Systems, Inc., Appellant. [950 NYS2d 172]—

In an action to foreclose a mortgage, the defendant Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit, appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated December 17, 2010, which granted the plaintiff's motion for leave to renew and reargue and, upon renewal and reargument, vacated the determinations in an order of the same court dated June 22, 2010, granting its motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim, and denying the plaintiff's cross motion, in effect, for leave to interpose a late reply to its counterclaim and a response to a notice to admit it served upon the plaintiff, and thereupon denied its motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim, and granted the plaintiff's cross motion, in effect, for leave to interpose a late reply to its counterclaim and a response to the notice to admit it served upon the plaintiff.

Ordered that the order dated December 17, 2010, is affirmed, with costs.

In this action to foreclose a mortgage, which was commenced in August 2007, the untimely answer of the defendant Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit (hereinafter MERS), raised the defense of payment, and asserted a counterclaim against the plaintiff for a judgment declaring that the subject mortgage had been satisfied. The plaintiff neither objected to MERS's untimely answer, nor served a reply to the counterclaim, but instead proceeded to discovery. Thereafter, in November 2008, MERS served upon the plaintiff, inter alia, a notice to admit, seeking the admission of certain facts that would demonstrate that the subject mortgage debt had been fully satisfied in February 2006 by virtue of the payment of the total amount due to "L & G Mortgaging Service Corp.," as the plaintiff's designated servicing agent. The plaintiff did not respond to the notice to admit.

In March 2009, MERS moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim, arguing that, in light of the plaintiff's failure to respond to the notice to admit, the facts identified therein must be deemed admitted by virtue of CPLR 3123. The plaintiff opposed the motion, and thereafter cross-moved, in effect, for leave to interpose a reply to the counterclaim and a response to the notice to admit.

In an order dated June 22, 2010, the Supreme Court, inter

alia, granted MERS's motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim, and denied the plaintiff's cross motion, in effect, for leave to interpose a reply to the counterclaim and a response to the notice to admit. In August 2010, the plaintiff moved for leave to renew and reargue its cross motion and its opposition to MERS's motion. In support of its motion for leave to renew and reargue, the plaintiff submitted, inter alia, a criminal complaint filed on June 25, 2008, in the United States District Court for the Eastern District of New York, alleging that Osmond Decoteau and Donna Daniels, using the corporate front "L&G," orchestrated a mortgage fraud scheme in which they issued "phony payoff letters" that fraudulently represented that L&G was the loan servicing agent for mortgage loans with respect to at least nine properties in Brooklyn, including the subject property. As set forth in the criminal complaint, under this scheme, the borrower's closing attorney received a phony payoff letter from L&G, and when the borrower sold one of the properties to a third party, the borrower's closing attorney wrote a check to L&G instead of the actual loan servicing agent for the borrower's lender, with such funds ultimately transferred to accounts operated by Decoteau and Daniels. According to the criminal complaint, as a result of this scheme, the mortgage debt owed by the original borrower to the plaintiff remained outstanding, while the subsequent mortgage issued by American Brokers Conduit to the original borrower's successor-in-interest was secondary thereto.

The Supreme Court granted the plaintiff's motion for leave to renew and reargue and, upon renewal and reargument, vacated the determinations in the order dated June 22, 2010, and thereupon denied MERS's motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim, and granted the plaintiff's cross motion, in effect, for leave to interpose a reply to the counterclaim and a response to the notice to admit. MERS appeals from the order made upon renewal and reargument. We affirm.

A motion for leave to renew or reargue is addressed to the sound discretion of the Supreme Court (*see Matter of Swingearn*, 59 AD3d 556 [2009]). A motion for renewal "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). A motion for reargument must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). Further,

even where a motion for reargument is technically untimely under CPLR 2221 (d) (3), a court has discretion to reconsider its prior ruling (*see* CPLR 2004; *Itzkowitz v King Kullen Grocery Co., Inc.*, 22 AD3d 636, 638 [2005]; *Garcia v The Jesuits of Fordham*, 6 AD3d 163, 165 [2004]).

" 'The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial' " (*Sagiv v Gamache*, 26 AD3d 368, 369 [2006], quoting *DeSilva v Rosenberg*, 236 AD2d 508, 508 [1997]; *see Orellana v City of New York*, 203 AD2d 542 [1994]). Here, as the Supreme Court correctly noted in granting reargument, MERS's notice to admit was palpably improper, as it sought the admission of contested ultimate issues regarding the satisfaction of the mortgage debt owed to the plaintiff.

Under the circumstances of this case, which include the existence of allegations of fraud contained in the federal criminal complaint, and the palpably improper nature of the notice to admit, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to renew and reargue and, upon renewal and reargument, properly denied MERS's motion for summary judgment dismissing the complaint insofar as asserted against it and on the counterclaim, and properly granted the plaintiff's cross motion, in effect, for leave to interpose a reply to the counterclaim and a response to the notice to admit. Balkin, J.P., Belen, Hall and Miller, JJ., concur.