Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 18, 2011, which, insofar as appealed from, granted defendants City of New York’s, Delsner Enterprises Ltd.’s, Delsner/Slater Enterprises, Ltd.’s, and Live Nation, Inc.’s motion for summary judgment dismissing plaintiff Jeffrey Marrero’s (plaintiff) first-party claim in its entirety, and dismissing, as moot, the third-party action and fourth-party action in their entireties, unanimously affirmed, without costs.
Supreme Court properly determined that respondents met their initial burden of showing that they provided adequate security measures at Ozzfest 2006, an outdoor concert held on Randall’s Island (see Rotz v City of New York, 143 AD2d 301, 305 [1st Dept 1988]). Respondents submitted evidence showing that meetings were held with the NYPD to assess the security plans proposed, and that they ultimately provided 215 personnel to secure the concert, the attendance of which was about 10,000 to 12,000, and that such security would have been sufficient for a crowd of 30,000. Plaintiffs offered no evidence, expert or otherwise, to show that such security was inadequate (see Villa v Paradise Theater Prods., Inc., 85 AD3d 402 [1st Dept 2011]; Florman v City of New York, 293 AD2d 120, 125-127 [1st Dept 2002]).
Contrary to plaintiffs contention, there is no evidence in the record to show that the unidentified person who shoved him was actually engaged in dangerous “moshing” or slam dancing; *410 plaintiff himself testified that he was unsure whether his injury was due to an intentional push or someone simply bumping into him. In either case, however, that unidentified nonparty caused plaintiffs fall, and under the circumstances here, respondents cannot be held liable for such unforeseen conduct (see Maheshwari v City of New York, 2 NY3d 288, 294 [2004]; Djurkovic v Three Goodfellows, 1 AD3d 210 [1st Dept 2003], lv denied 2 NY3d 701 [2004]; Stafford v 6 Crannel St., 304 AD2d 997, 998 [3d Dept 2003]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.