■ JULIO SANCHEZ, Appellant, v 1710 BROADWAY, INC., Defendant, and UNITE HEALTH CENTER, INC., Defendant and Third-Party Plaintiff-Respondent. KOSLOWITZ CONSTRUCTION, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [979 NYS2d 852]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 23, 2011, which denied his motion for leave to renew and reargue that branch of his prior motion which was pursuant to CPLR 3126 to strike the answer of the defendant Unite Health Center, Inc., or, in the alternative, to direct a finding of liability against the defendant Unite Health Center, Inc., which had been denied as academic in an order of the same court dated June 12, 2009.

Ordered that the appeal from so much of the order dated December 23, 2011, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 23, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

A motion for renewal "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). "Whether to grant leave to renew is within the sound discretion of the motion court" (*Biscone v JetBlue Airways Corp.*, 103 AD3d 158, 180 [2012]; *see HSBC Bank USA, N.A. v Halls*, 98 AD3d 718, 720 [2012]). Under the circumstances presented here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew. Mastro, J.P., Austin, Sgroi and Miller, JJ., concur.