■ RANDI SACHAR, Respondent, v COLUMBIA PICTURES INDUSTRIES, INC., et al., Appellants, et al., Defendants. [11 NYS3d 35]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered January 9, 2015, which granted plaintiff's motion

to reargue and, upon reargument, denied the previously granted motions of defendants Regal Cinemas, Inc. (Regal), Sony Pictures Entertainment, Inc. (Sony) and Columbia Pictures Industries, Inc. (Columbia) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff alleges that she sustained injuries when she fell down a crowded staircase in a Regal movie theater, where she was escorting a group of teenagers to see a free screening of a movie that was produced by Columbia and Sony, and shown at a Regal theater. She testified that her group was first directed to an upper level to find seats and then was told to turn around and go downstairs. As they were returning, there was a sudden stampede of people rushing from behind, and plaintiff felt a "pushing thud" behind her and she was hurled in the air. Regal's assistant manager confirmed that there appeared to have been a stampede, and Sony's employee testified that the event was overbooked to ensure the theater was filled to capacity.

The motion court providently exercised its discretion in granting plaintiff's motion for reargument on the basis that it had "overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [internal quotation marks omitted], *lv dismissed in part, denied in part* 80 NY2d 1005 [1992]; *see* CPLR 2221 [d]). Although plaintiff neglected to attach all of the papers that had been submitted on the preceding motions, the court had discretion to consider the motion to reargue, and to excuse procedural deficiencies (*see HSBC Bank USA, N.A. v Halls*, 98 AD3d 718, 720-721 [2d Dept 2012]; CPLR 2001).

On the merits, the motion court properly concluded that defendants did not establish entitlement to judgment as a matter of law. It is well settled that landowners and permittees owe those "on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition," and "to minimize foreseeable dangers on their property" (*Maheshwari v City of New York*, 2 NY3d 288, 294 [2004] [internal quotation marks omitted]). Under the circumstances presented, involving the deliberate overbooking of a theater for a free film screening, defendants were required to show that they took adequate crowd control measures to address the foreseeable risks to those attending in order to meet their prima facie burden of demonstrating entitlement to summary judgment (*see Marielisa R. v Wolman Rink Operations, LLC*, 94 AD3d 963 [2d Dept

2012]; *see also Marrero v City of New York*, 102 AD3d 409 [1st Dept 2013]; *Rotz v City of New York*, 143 AD2d 301 [1st Dept 1988]). Here, defendants knew that the screening was deliberately overbooked, and it was, therefore, foreseeable that overcrowding could be a problem (*see Vetrone v Ha Di Corp.*, 22 AD3d 835, 838-840 [2d Dept 2005]). Deposition testimony from both plaintiff and Regal's manager demonstrated that the staircase on which plaintiff fell was crowded, and that the crowd had formed a "stampede" after being redirected downstairs to find available seats in the crowded theater. Since defendants failed to present evidence that adequate crowd control measures were in place, the motions for summary judgment were properly denied.

Furthermore, with respect to Sony and Columbia, the deposition testimony also creates an issue of fact as to their specific security duties, as sponsors of the event, at the screening (*see id.*; *Rotz v City*, 143 AD2d at 305-307).

The precedent relied upon by defendants, which apply a standard articulated in cases concerning a landowner's duty in the context of commuter crowds using public transportation, do not apply to the circumstances presented (*see e.g. Benanti v Port Auth. of N.Y. & N.J.*, 176 AD2d 549 [1st Dept 1991]; *Palermo v New York City Tr. Auth.*, 141 AD2d 809 [2d Dept 1988]). In any event, the record presents triable issues as to whether plaintiff was "unable to find a place of safety" or her "free movement was restricted due to the alleged overcrowded conditions" (*Benanti* at 549). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.