■ 32ND AVENUE LLC, Appellant, v ANGELO HOLDING CORP. et al., Defendants, HIGGINS AVE., LLC, Defendant/Third-Party Plaintiff-Respondent, and IMANUEL PIROOZIAN et al., Respondents. MICHAEL G. PSAROS, Also Known as MICHAEL PSAROS and Another, Third-Party Defendant-Respondent. [20 NYS3d 420]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated January 16, 2014, as, upon reargument, determined that the items set forth in a notice to admit served upon it by the third-party defendant were deemed admitted pursuant to CPLR 3123 (a) based on its failure to respond thereto, and (2) from an order of the same court dated September 2, 2014, which denied its motion pursuant to CPLR 3123 (b) for leave to withdraw its deemed admissions to item Nos. 1 through 5 and 8 through 26 set forth in the notice to admit.

Ordered that the order dated January 16, 2014, is modified, on the law, by deleting the provision thereof, upon reargument, determining that all of the items set forth in the notice to admit were deemed admitted, and substituting therefor a provision, upon reargument, determining that only item Nos. 6 and 7 of the notice to admit were deemed admitted; as so modified, the order is affirmed insofar as appealed from, and the order dated September 2, 2014, is vacated; and it is further,

Ordered that the appeal from the order dated September 2, 2014, is dismissed as academic in light of our determination on the appeal from the order dated January 16, 2014; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant/third-party plaintiff-respondent and the defendants-respondents, and by the third-party defendant-respondent, appearing separately and filing separate briefs.

The plaintiff, a limited liability company, commenced this action, inter alia, to set aside an alleged fraudulent conveyance of real property that it owned and to recover damages for fraud. The complaint alleged, and the plaintiff has maintained throughout the course of this lengthy litigation, that the defendants conspired to falsely portray the defendant Evangelos Gerasimou as a member of the plaintiff, and to then effect a conveyance of the plaintiff's real property through Gerasimou to certain defendants. The plaintiff has maintained in its pleadings from the inception of the action that Gerasimou possessed no ownership interest in the plaintiff, that the conveyance was not authorized by the plaintiff, and that the various documents upon which the defendants rely to support the legitimacy of the conveyance were forged and falsified. Notwithstanding these allegations, the third-party defendant served upon the plaintiff a notice to admit seeking, inter alia, admissions that

Larry Stathakis, a member of the plaintiff, had executed and transmitted to the third-party defendant various genuine documents on the plaintiff's behalf acknowledging that Gerasimou was in fact a member of the plaintiff, and authorizing the conveyance of the subject real property. It is undisputed that the plaintiff failed to serve a response to the notice to admit, and the litigation continued for several years thereafter.

The parties engaged in certain motion practice regarding the notice to admit, and the plaintiff contended that its failure to respond to the notice should not be deemed a concession of the items set forth therein, since the subject matter of the notice was improper. However, in an order dated January 16, 2014, the Supreme Court determined, pursuant to CPLR 3123 (a), that the items set forth in the notice were deemed admitted as a consequence of the plaintiff's failure to respond. The plaintiff subsequently moved pursuant to CPLR 3123 (b) to withdraw the deemed admissions to item Nos. 1 through 5 and 8 through 26 of the notice, on the ground that those items were improper because they went to the essence of the controversy between the parties and concerned matters that the parties disputed. The Supreme Court denied the motion in an order dated September 2, 2014.

CPLR 3123 (a) authorizes the service of a notice to admit upon a party, and provides that if a timely response thereto is not served, the contents of the notice are deemed admitted (*see generally Hernandez v City of New York*, 95 AD3d 793 [2012]; *Matter of Cohn*, 46 AD3d 680 [2007]). However, the purpose of a notice to admit is only to eliminate from contention those matters which are not in dispute in the litigation and which may be readily disposed of (*see Priceless Custom Homes, Inc. v O'Neill*, 104 AD3d 664 [2013]; *HSBC Bank USA, N.A. v Halls*, 98 AD3d 718 [2012]; *Taylor v Blair*, 116 AD2d 204 [1986]). A notice to admit is not to be employed to obtain information in lieu of other disclosure devices, or to compel admissions of fundamental and material issues or contested ultimate facts (*see Priceless Custom Homes, Inc. v O'Neill*, 104 AD3d at 665; *HSBC Bank USA, N.A. v Halls*, 98 AD3d at 721; *Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d 770, 772 [2011]; *Tolchin v Glaser*, 47 AD3d 922 [2008]; *Glasser v City of New York*, 265 AD2d 526 [1999]; *Riner v Texaco, Inc.*, 222 AD2d 571 [1995]).

Here, as the plaintiff correctly contends, item Nos. 1 through 5 and 8 through 26 of the notice to admit improperly sought concessions that went to the essence of the controversy between the parties and involved matters that clearly were in contravention of the allegations of the complaint. Thus, the third-party

defendant could not have reasonably believed that the admissions he sought were not in substantial dispute (*see Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d at 772), and those items were palpably improper (*see HSBC Bank USA, N.A. v Halls*, 98 AD3d at 721; *Burnside v Foglia*, 208 AD2d 1085 [1994]). Accordingly, the plaintiff was not obligated to respond to them (*see Meadowbrook-Richman, Inc. v Cicchiello*, 273 AD2d 6 [2000]; *Orellana v City of New York*, 203 AD2d 542 [1994]; *Miller v Kelly Co.*, 177 AD2d 1036 [1991]). The Supreme Court therefore erred in deeming those items admitted by reason of the plaintiff's failure to respond to the notice. Since those items should not have been deemed admitted, the plaintiff's motion pursuant to CPLR 3123 (b) to withdraw those deemed admissions was unnecessary. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.