OPINION OF THE COURT
Susan F. Avery, J.
In this nonpayment proceeding petitioner moves for leave to reargue the decision and order of this court dated January 21, 2015, and upon granting reargument, denying respondent’s motion for summary judgment and permitting the petitioner to pursue its claim for market rent from the respondent. Respondent opposes the motion.
Brief Factual History
The respondent is a recipient of a HUD[1] (section 8) rental subsidy[2] for which she must annually re-certify her household income and composition. The submission of her annual re-certification must be timely, which, according to HUD rules, must be completed by the recipient’s anniversary date. Respondent’s anniversary date is October 1.[3] Petitioner asserts that respondent filed her re-certification documents on October 16 (2013) and the documents submitted falsely claimed that her son was enrolled as a college student.[4] Upon its investigation, petitioner learned that the respondent’s son was not enrolled as a student in college. Respondent subsequently submitted accurate certification information in February of 2014.[5]
Brief Procedural History
Petitioner commenced this nonpayment proceeding seeking rent as follows: balance of $96 for the month of March of 2013, and $505 per month for the months of April through August of 2013. The petition is dated August 1, 2013.[6] A default judgment *382 was entered against the respondent, which was vacated by this court on January 23, 2014.
During the course of this proceeding, counsel for the respondent was granted leave to file an amended answer containing the defense that the respondent’s re-certification should be processed retroactively, and the petition has been amended to reflect additional rental charges as they became due.
Counsel for the respondent previously moved for partial summary judgment which was denied as premature. Thereafter, respondent made a subsequent motion for summary judgment,[7] which was granted by this court. It is from this later decision that petitioner seeks reargument.
Decision and Order Dated January 21, 2015
Respondent’s prior motion for partial summary judgment sought an order striking that portion of petitioner’s claim for the market rent, which was granted by this court. It was undisputed that the respondent has been re-certified since February of 2014,[8] and petitioner failed to demonstrate that it followed proper procedures when inquiring and determining the existence or nonexistence of “circumstances beyond the respondent’s control” which prevented the respondent from timely filing her HUD re-certification. As HUD requires the petitioner to make an inquiry as to whether circumstances beyond the tenant’s control existed, and to notify the respondent of its decision and of the right to appeal a negative determination, in its prior determination, this court severed petitioner’s claims for market rent.
*383 Petitioner’s Arguments
Petitioner contends that this court improperly applied the facts and the HUD regulations in determining that the petitioner is not entitled to collect market rent, in this summary proceeding, for the period of respondent’s noncompliance. Petitioner asserts that the court mistakenly concluded that the respondent’s submission of false documentation in support of her 2014 annual re-certification qualifies as an “extenuating circumstance” pursuant to the HUD Handbook. Petitioner asserts that the examples of “extenuating circumstances” as illustrated in the HUD Handbook include hospitalization, family emergency and military duty,[9] “none of which are akin to the circumstances herein.”[10]
It is petitioner’s contention that “there is no basis under the HUD regulations for a finding that the respondent’s representation that her son was a student, when in fact he was not a student, qualifies as ‘extenuating circumstances’ [because] she was not aware that he[r son] was not in school [at that time].”[11] Petitioner argues that the respondent’s submission of such false and inaccurate information is fraudulent.[12] Petitioner asserts that to allow retroactive re-certification under these circumstances would encourage further fraud by tenants.
In addition, petitioner states that despite having been provided with all the required HUD re-certification notices the respondent did not timely re-certify, and when she did re-certify she provided incorrect information.
Respondent’s Arguments
It is respondent’s contention that this court correctly decided its prior motion for partial summary judgment. Respondent maintains that petitioner is prohibited from maintaining this nonpayment proceeding against respondent seeking market rate rent, as she has currently re-certified. Respondent also contends, as a secondary argument, in its prior motion for partial summary judgment, that petitioner failed to comply *384 with the HUD requirements regarding inquiring as to whether extenuating circumstances prevented Ms. Campbell from timely re-certifying. Additionally, respondent asserts that the petitioner failed to follow the HUD Handbook, in that petitioner did not consider whether extenuating circumstances prevented Ms. Campbell from timely re-certifying, and did not provide a written determination of its decision that extenuating circumstances did not exist, or notice that the respondent may appeal petitioner’s finding that extenuating circumstances did not exist.
Legal Requirements: Motion to Reargue[13]
“A motion to reargue is based on no new proof; it seeks to convince the court that it was wrong and ought to change its mind.”[14] Leave to reargue is left to the sound discretion of the court,[15] and that discretion includes considering a motion to reargue, even where the movant failed to annex the papers that had been submitted on the motion from which reargument is sought.[16] In the interest of justice, this court exercises its discretion and grants petitioner leave to reargue.
Applicable HUD Rules
Eligibility for HUD assistance is based on household income, and “[c]hanges in income or family composition can affect the amount of assistance a tenant is eligible to receive and, therefore, the amount the tenant pays for rent.”[17] In order “[t]o ensure that assisted tenants pay rents commensurate with their ability to pay, HUD requires . . . re [-] certification of family income and composition at least annually. [Landlords] must then recompute the tenants’ rents and assistance payments . . . based on the information gathered.”[18] The *385 “[a]nnual re[-]certifications must be completed by the tenant’s re [-] certification anniversary date,”[19] which “is the first day of the month in which the tenant moved into the property.”[20]
By “the 10th day of the 11th month after the last annual re [-] certification . . . the tenant must contact the owner and provide the required information ... to process the re [-] certification.”[21] Where the “tenant . . . provides [required] information . . . after the 10th day of the 11th month following the last annual re [-] certification” the certification process is delayed.[22] And where the “[t]enant responds after [the] re [-] certification anniversary date [the t]enant is out of compliance [with HUD requirements],”[23] and as of “the re [-] certification anniversary date, the tenant must begin paying the market rent.”[24]
“When a tenant fails to [timely re-certify] an owner must inquire whether extenuating circumstances prevented the tenant from [timely re-certifying].”[25] This inquiry is required to be made “[a]t the time the tenant submits the required re [-] certification information”[26] and “[i]f the tenant indicates that extenuating circumstances were present, the tenant must promptly provide the owner with evidence of their presence.”[27] The owner must then “[d]etermin[e] whether extenuating circumstances were present”[28] and “provide the tenant with a written notice of the decision [which] must. . . inform the tenant of his/her right to appeal the . . . decision.”[29]
Extenuating circumstances “are circumstances beyond the tenant’s control.”[30] Examples of extenuating circumstances include: “[hjospitalization of the tenant,”[31] where the “[t]enant [is] out of town for a family emergency ([because of] the death *386 or severe illness of a close family member),”[32] and where the “[t]enant [is] on military duty overseas.”[33]
Notwithstanding that a tenant untimely re-certified and “extenuating circumstances” were not found to exist, the “owner may not evict the tenant for failure to pay market rent after the tenant reports for [re-certification].”[34] And, “[i]f the tenant fails to report for . . . re[-] certification . . . and fails to pay market rent, or make arrangements to pay, the owner is obligated to evict for nonpayment.”[35]
Issue before the Court
It is undisputed that the respondent herein failed to timely appear for her re-certification interview and failed to timely submit necessary re-certification documents and that when she did appear for her re-certification interview and submitted required documentation, the items she submitted claimed that her son, with whom she lived, was a college student, when, in fact, he was not. Additionally, it is undisputed that as a result of Ms. Campbell’s claim that her son was a college student, the amount of rent she was required to pay was reduced.
It is respondent’s contention that the HUD rules and regulations prohibit the petitioner from maintaining the instant eviction proceeding seeking the market rent, because respondent is currently re-certified, and it is petitioner’s contention that it is obligated, and authorized, by the HUD rules to maintain this proceeding seeking market rent.
As a result, this court was called upon to determine if the HUD rules and regulations authorize the landlord to maintain the instant summary nonpayment proceeding seeking posses-sory relief based upon the nonpayment of market rent, where a tenant untimely re-certified her HUD section 8 subsidy and made a false statement on her re-certification application.
Analysis of the HUD Rules to the Facts at Bar
In a case remarkably similar to the matter at bar (when sitting as a judge in Civil Court), Associate Judge of the Appellate Division, Rolando T. Acosta, held that “[g]iven the unmistakable mandate [s] of the HUD Handbook . . . [the] petitioner *387 was required to retroactively apply respondent’s subsidy following her concededly past-due re [-] certification.”[36] Additionally, Judge Acosta held that “[s]hould a tenant fail to [timely] re [-] certify . . . the owner may require the tenant to pay ‘market rent’ [and] may continue to charge the tenant market rent until [the tenant] submits all of the documents necessary for re [-] certification.”[37]
Moreover, Judge Acosta ruled that, “[notwithstanding petitioner’s contentions to the contrary, petitioner does not have the ‘discretion’ ‘not to reinstate the subsidy retroactively.’ ”[38] Accordingly, Judge Acosta “grant [ed] the motion for partial summary judgment in favor of respondent and . . . dismisse[d] petitioner’s claims for the HUD subsidy portion of respondent’s alleged arrears.”[39]
Additionally, petitioner in the instant proceeding is incorrect in its contention that maintaining this nonpayment summary proceeding against the respondent, seeking market rent, is proper because the HUD Handbook states that “ [i] f the tenant fails to report for . . . re [-] certification . . . and fails to pay market rent, or make arrangements to pay, the owner is obligated to evict for nonpayment.”[40] As ruled by Judge Acosta, notwithstanding a finding “[t]hat no[ ] extenuating circumstance [existed, the petitioner was] not relieve [d] ... of its mandatory obligation to retroactively implement the subsidy upon respondent’s late re[-]certification.”[41]
The court notes that the law firm that represented petitioner in East Harlem Pilot Block is the same law firm that represents the petitioner in the instant proceeding.[42] Accordingly, this court deems petitioner’s motion, and petitioner’s previously submitted opposition to respondent’s prior motion, as the assertion of petitioner’s good faith belief that the law should be *388 changed.[43] However, since it is the legislature that enacted the statutes regulating HUD subsidies, any change to such statutes is within the sole province of the legislature[44] and beyond the jurisdiction of this court.[45]
Extenuating Circumstances
As stated above, where “a tenant fails to [timely re-certify] an owner must inquire whether extenuating circumstances prevented the tenant from [timely re-certifying] ,”[46] This inquiry is required to be made “ [a] t the time the tenant submits the required re [-] certification information”[47] and “[i]f the tenant indicates that extenuating circumstances were present, the tenant must promptly provide the owner with evidence of their presence.”[48] The owner must then “[d]etermin[e] whether extenuating circumstances were present”[49] and “provide the tenant with a written notice of the decision [which] must . . . inform the tenant of his/her right to appeal the . . . decision.”[50]
To demonstrate its compliance with HUD rules, petitioner states
“when a tenant does not timely re [-] certify, the HUD handbook requires a determination as to whether extenuating circumstances are present. The Landlord made the necessary determination in this case that the Respondent’s [situation] does not qualify as an ‘extenuating circumstance’ under the HUD handbook and therefore did not excuse her *389 untimely re [-] certification.”[51]
Indeed, as argued by petitioner, there was no contention that Ms. Campbell was hospitalized,[52] out of town for a family emergency[53] or on military duty overseas.[54]
However, petitioner failed to present proof in evidentiary form that, upon submission of Ms. Campbell’s late re-certification, petitioner inquired as to whether extenuating circumstances prevented her from timely re-certifying. Petitioner also failed to demonstrate that the petitioner provided Ms. Campbell with written notice of its determination that extenuating circumstances did not exist; and petitioner failed to demonstrate that along with the written notice to Ms. Campbell of petitioner’s determination that extenuating circumstances did not prevent her from timely re-certifying, Ms. Campbell was informed of her right to appeal such a negative determination.
In support of her prior summary judgment motion, and in opposition to the instant motion, respondent asserts that she was not provided with proper notice that an inquiry was to be made as to whether exigent circumstances existed. She also stated that she was not provided notice that the petitioner determined that exigent circumstances did not exist, nor provided notice in writing that she had the right to appeal petitioner’s determination that exigent circumstances did not exist.[55] Accordingly, the burden shifted to the petitioner to offer proof in evidentiary form to rebut the respondent’s sworn allegations.[56]
Petitioner failed to rebut respondent’s sworn denial of receipt of proper HUD notices. Indeed, in its motion to reargue petitioner fails to annex any notices sent to the tenant informing her of her right to have an inquiry made as to whether *390 exigent circumstances existed which prevented her from timely re-certificating. Petitioner fails to annex written notice to the respondent of the petitioner’s determination that exigent circumstances were not present, nor does petitioner annex notice to respondent of her right to appeal such a determination. Moreover, petitioner failed to deny respondent’s allegations or annex supporting documentation in opposition to respondent’s motion for summary judgment, or in its current motion to reargue. Accordingly, petitioner failed to demonstrate that petitioner complied with HUD requirements, or that this court misapplied the law to the facts herein presented.
It is clear, as petitioner asserts, that the “HUD Handbook sets out the procedures that must be followed both by owners and by tenants seeking to complete the annual re [-] certification.”[57] Indeed, because the notice provisions of the HUD Handbook are mandatory, they must be strictly adhered to.[58] As a result, the issue before the court was not whether the respondent’s circumstances fell within the definition of “extenuating circumstances”; rather, the issue was petitioner’s compliance with the HUD notice requirements.
Determination
Based upon the foregoing, upon reargument, this court adheres to its original determination.

. United States Department of Housing and Urban Development.

. According to the petition verified on August 1, 2013, the apartment in which respondent resides “is subject to the section 8 Housing Assistance Program for projects with HUD-insured and HUD-Held mortgages pursuant to 24 CFR Part 886, subpart A.” ¶ 7.

. Aff of property manager, Eli Davidowitz, sworn to on Mar. 4, 2015, ¶ 8.

. Aff of property manager, Eli Davidowitz, sworn to on Mar. 4, 2015, ¶¶ 8, 9.

. Aff of property manager, Eli Davidowitz, sworn to on Mar. 4, 2015, ¶¶ 8, 9.

. In his affidavit in support, Mr. Davidowitz states: “[t]his nonpayment proceeding was commenced due to the [Respondent’s failure to pay market rent due to her failure to timely re[-] certify pursuant to HUD guidelines.” Aff *382 of property manager, Eli Davidowitz, sworn to on Mar. 4, 2015, ¶ 6. However, the petition, which is dated August 1, 2013, predates respondent’s anniversary date of October 1, 2013, by more than two months before respondent became delinquent in her re-certification.

. “Although landlord previously moved for summary judgment . . . and successive summary judgment motions are generally disfavored (see Jones v 636 Holding Corp., 73 AD3d 409 [1st Dept 2010]), the court was not precluded from addressing the merits of the underlying motion (see Giardina v Lippes, 77 AD3d 1290, 1291 [4th Dept 2010], lv denied 16 NY3d 702 [2011]).” Rand v Bedford Hotel, Inc., 47 Misc 3d 146(A), 2015 NY Slip Op 50725(U), *1 (App Term, 1st Dept 2015).

. Aff of property manager, Eli Davidowitz, sworn to on Mar. 4, 2015, ¶ 10; see also aff of Ms. Avril Campbell, sworn to on Mar. 10, 2015, ¶ 14.

. See HUD Multifamily Occupancy Handbook (HUD Handbook), ch 7, § 7-8 (D) (4).

. Affirmation of Arianna Gonzalez-Abreau, Esq., dated Mar. 4, 2015, ¶ 25.

. Affirmation of Arianna Gonzalez-Abreau, Esq., in support dated Mar. 4, 2015, ¶¶ 5, 25.

. Affirmation of Arianna Gonzalez-Abreau, Esq., in support dated Mar. 4, 2015, ¶ 25; see also aff of property manager, Eli Davidowitz, sworn to on Mar. 4, 2015, ¶ 13.

. CPLR 2221.

. Siegel, NY Prac § 254 (2015).

. Fosdick v Town of Hempstead, 126 NY 651 (1891).

. “Although plaintiff neglected to attach all of the papers that had been submitted on the preceding motions, the court had discretion to consider the motion to reargue, and to excuse procedural deficiencies.” Sachar v Columbia Pictures Indus., Inc., 129 AD3d 420, 421 (1st Dept 2015), citing HSBC Bank USA, N.A. v Halls, 98 AD3d 718 (2d Dept 2012), and CPLR 2001.

. HUD Handbook, ch 7, § 7-1 (A).

. HUD Handbook, ch 7, § 7-4 (A) (1).

. HUD Handbook, ch 7, § 7-5 (A).

. HUD Handbook, ch 7, § 7-5 (B) (1).

. HUD Handbook, ch 7, § 7-7 (B) (1) (a) (2).

. HUD Handbook, ch 7, § 7-8 (D) (2) (a) (2).

. HUD Handbook, ch 7, § 7-8 (D) (3).

. HUD Handbook, ch 7, § 7-8 (D) (3) (b).

. HUD Handbook, ch 7, § 7-8 (D) (4).

. HUD Handbook, ch 7, § 7-8 (D) (4) (b) (1).

. HUD Handbook, ch 7, § 7-8 (D) (4) (b) (2).

. HUD Handbook, ch 7, § 7-8 (D) (4) (c).

. HUD Handbook, ch 7, § 7-8 (D) (4) (d).

. HUD Handbook, ch 7, § 7-8 (D) (4) (a).

. HUD Handbook, ch 7, § 7-8 (D) (4) (a) (1).

. HUD Handbook, ch 7, § 7-8 (D) (4) (a) (2).

. HUD Handbook, ch 7, § 7-8 (D) (4) (a) (3).

. HUD Handbook, ch 7, § 7-8 (D) (3) (f).

. HUD Handbook, ch 7, § 7-8 (D) (3) (d).

. East Harlem Pilot Block Bldg. 1 HDFC v Cordero, 196 Misc 2d 36, 42 (Civ Ct, NY County 2003) (citation omitted).

. Id. at 41.

. Id. at 42 (emphasis added).

. Id.

. HUD Handbook, ch 7, § 7-8 (D) (3) (d).

. East Harlem Pilot Block Bldg. 1 HDFC v Cordero, 196 Misc 2d at 43 (emphasis added).

. Petitioner even cited East Harlem Pilot Block in its submission. See affirmation of Arianna Gonzalez-Abreau, Esq., dated Mar. 4, 2015, ¶ 34.

. Costanza v Seinfeld, 181 Misc 2d 562, 566 (Sup Ct, NY County 1999) (where “there is no genuine basis either in law or fact, or good-faith argument for a change in the law,” the position is frivolous).

. “There is a strong presumption that legislative enactments are constitutional (see Montgomery v Daniels, 38 NY2d 41, 54 [1975]), and a party contending otherwise bears the heavy burden of showing that a statute is ‘so unrelated to the achievement of any combination of legitimate purposes’ as to be irrational (Affronti, 95 NY2d at 719, quoting Kimel v Florida Bd. of Regents, 528 US 62, 84 [2000]).” People v Novie, 41 Misc 3d 63, 76 (App Term, 2d Dept, 9th & 10th Jud Dists 2013).

. “Based on our respect for the basic polity of separation of powers and the proper exercise of judicial restraint, we will not intrude into the ... affairs of the Legislature.” Heimbach v State of New York, 59 NY2d 891, 893 (1983), appeal dismissed 464 US 956 (1983).

. HUD Handbook, ch 7, § 7-8 (D) (4).

. HUD Handbook, ch 7, § 7-8 (D) (4) (b) (1).

. HUD Handbook, ch 7, § 7-8 (D) (4) (b) (2).

. HUD Handbook, ch 7, § 7-8 (D) (4) (c).

. HUD Handbook, ch 7, § 7-8 (D) (4) (d).

. Aff of property manager, Eli Davidowitz, sworn to on Mar. 4, 2015, ¶ 12.

. HUD Handbook, ch 7, § 7-8 (D) (4) (a) (1).

. HUD Handbook, ch 7, § 7-8 (D) (4) (a) (2).

. HUD Handbook, ch 7, § 7-8 (D) (4) (a) (3).

. Aff of Ms. Avril Campbell, sworn to on Mar. 10, 2015, ¶ 15; see also aff of Ms. Avril Campbell, in support of the respondent’s motion for partial summary judgment, sworn to on Nov. 14, 2014, ¶ 15.

. “Once the initial showing has been made, the burden shifts to the party opposing the motion for summary judgment to rebut the prima facie showing by producing evidentiary proof in admissible form sufficient to require a trial of material issues of fact.” Highbridge House Ogden LLC v Highbridge Entities LLC, 48 Misc 3d 976, 984 (Sup Ct, NY County 2015), citing Kaufman v Silver, 90 NY2d 204, 208 (1997).

. Affirmation of Arianna Gonzalez-Abreau, Esq., dated Mar. 4, 2015, ¶ 34, citing East Harlem Pilot Block.

. “Petitioner may not maintain a nonpayment proceeding based upon a suspension of a section 8 subsidy where the notices for re [-] certification do not comply with the requirements of the HUD Handbook.” East Harlem Pilot Block Bldg. 1 HDFC v Cordero, 196 Misc 2d at 39 (citation omitted).