Moore v Trinity Baptist Church (2018 NY Slip Op 03206)





Moore v Trinity Baptist Church


2018 NY Slip Op 03206


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6453 300062/13

[*1]Mora J. Moore, etc., et al., Plaintiffs-Appellants,
v
Trinity Baptist Church, Defendant-Respondent.


Law Office of Joel M. Gluck, New York (Joel M. Gluck of counsel), for appellants.
Molod Spitz & Desantis, P.C., New York (Marcy Sonneborn of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr. J.), entered on or about May 31, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant church established entitlement to judgment as a matter of law in this action where plaintiffs allege that the decedent was injured when he was knocked out of his wheelchair while sitting in defendant's vestibule. Defendant submitted evidence showing that it did not breach any duty of care to the decedent (see Gilson v Metropolitan Opera, 5 NY3d 574, 577 [2005]). The church was not on notice of any dangerous crowding condition and no prior incidents similar to the one claimed here had ever occurred. Furthermore, plaintiffs failed to identify any overcrowding condition. Rather, decedent testified that he was surrounded by two or three choir members who had come to greet him, when a crowd of people, which may have not even exceeded five people, entered the area. Even assuming that an usher had offered to take decedent to his pew, in the absence of prior notice of a dangerous condition, it was not foreseeable that temporarily leaving decedent in the middle of the vestibule would have placed him in danger (see Di Ponzio v Riordan, 89 NY2d 578 [1997]; Marrero v City of New York, 102 AD3d 409 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK