Quigley v Nederlander Org., Inc. (2018 NY Slip Op 07270)





Quigley v Nederlander Org., Inc.


2018 NY Slip Op 07270


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7492 154474/14

[*1]Barbara Quigley, Plaintiff-Appellant,
v
Nederlander Organization, Inc., doing business as The Lunt-Fontanne Theater, et al., Defendants-Respondents, Consolidated Edison of New York, Inc., et al., Defendants.


Pillinger Miller Tarallo, Elmsford (Patrice M. Coleman of counsel), for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York (Benjamin Gonson of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered September 26, 2017, which granted the motion of defendant Nederlander Organization, Inc. d/b/a The Lunt-Fontanne Theater for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant theater established its entitlement to judgment as a matter of law in this action for personal injuries sustained when plaintiff tripped and fell on the street, nearly a block away from defendant theater, as she was maneuvering her way through a crowded sidewalk. Plaintiff testified that when she arrived at the theater, her group was directed to join the end of the line. As she followed her group, plaintiff stepped off the sidewalk onto the street, where her heel got caught in a crack between two metal plates, causing her to fall.
Defendant was not on notice of any dangerous crowding condition or of a hazardous condition on the street, in close proximity to where its patrons stood in line. Nor did plaintiff identify any overcrowding condition that restricted her movement. Rather, she stated that she observed a mix of patrons and pedestrians on the sidewalk, that she was not directed by defendant to walk on the street, and that the crowd of patrons was not unruly. Even assuming that the crowd took over the entire width of the sidewalk, in the absence of prior notice of a dangerous condition, it was not foreseeable that directing plaintiff to join the line in order to enter the theater would have placed her in danger (see Maheshwari v City of New York, 2 NY3d 288 [2004]; Marrero v City of New York, 102 AD3d 409 [1st Dept 2013]; compare Sachar v Columbia Pictures Indus., Inc., 129 AD3d 420 [1st Dept 2015]).
Plaintiff failed to raise a triable issue of fact. The evidence shows that the accident was caused by her own conduct in an attempt to maneuver her way through a crowd of patrons and [*2]pedestrians when she chose to step onto the street. Nor is there any evidence that sidewalk was so crowded that it unduly restricted plaintiff's freedom of movement (see Alexopoulos v Metropolitan Transp. Auth., 41 AD3d 171 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK