Jagdeo v Kurashuli (2025 NY Slip Op 50802(U))

[*1]

Jagdeo v Kurashuli

2025 NY Slip Op 50802(U)

Decided on May 20, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 20, 2025
Supreme Court, Kings County

Jared Jagdeo, Plaintiff,

against
Dimitri Kurashuli, IAROSLAV MELNIK, BADRI DANELIANI and FCLS ENTERPRISE LLC, Defendants.

Index No. 503131/2024

Attorney for Plainiff
Herbert S. Subin
Subin Associates, LLP
150 Broadway 23rd Floor
New York, NY 10038
Tel: (212) 285-3800
Email: [email protected]
Attorney for Defendants Kurashvili & Melnik
Stacy Roxane Seldin
Baker, McEvoy & Moskovits
1 Metrotech Ctr
Brooklyn, NY 11201
Tel: (646) 522-2228
Email: [email protected]
Attorney for Defendants Daneliani & FCLS Enterprise LLC
Nancy L Isserlis
3601 43rd Ave
Long Island City, NY 11101
Tel: 718-361-1514
Email: [email protected]

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on January 9, 2025, under motion sequence number two, by Jared Jagdeo (hereinafter the plaintiff) for an order pursuant to CPLR 3123 (a): (1) deeming the information sought in plaintiff's notice to admit directed against defendants Dimitri Kurashuli and Iaroslav Melnik as admitted and (2) issuing penalties, including reasonable fees and costs, against these defendants. The motion was opposed.
-Notice of motion
-Affirmation in support
Exhibits A
-Affirmation in opposition
Exhibits A
-Affirmation in reply
-Affidavit in reply
BACKGROUND
On January 31, 2024, plaintiff commenced the instant action for damages for personal injury by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). 
On February 21, 2024, defendants Dimitri Kurashuli and Iaroslav Melnik joined issue by interposing and filing a joint verified answer with the KCCO.
On November 8, 2024, defendants Badri Daneliani and FCLS Enterprise LLC joined issue by interposing and filing a joint verified answer with cross-claims with the KCCO. 
The verified complaint has alleged the following salient facts, among other. On July 18, 2023, or the early hours of July 19, 2023, plaintiff was a passenger in a motor vehicle operated by defendant Badri Daneliani, owned by FCLS Enterprise LLC, and bearing New York State license plate number T808286C. Badri Daneliani was operating the motor vehicle with the knowledge, consent, and in the course of his employment with FCLS Enterprise LLC. Daneliani was driving on the Prospect Expressway at or near Fort Hamilton Parkway exit, in Kings County, New York.
At the same date, time, and place, Dimitri Kurashvili was operating a motor vehicle owned by Iaroslav Melnik and bearing New York State license plate number T674378C. Due to Daneliani's and Kurahvili's negligent operation of the respective motor vehicles, the motor vehicles collided with each other (hereinafter the subject accident). The subject accident caused the plaintiff to sustain serious physical injury.
Relevant Procedural Background
On March 7, 2024, the plaintiff filed a notice to admit pursuant to CPLR 3123 (a). The notice to admit sought an admission to the following two facts. The first admission sought was that on July 18, 2023, defendant Dimitri Kurashvili controlled a motor vehicle bearing license plate number T674378C in the course of his employment with defendant Iaroslav Melnik. The second admission sought was that on July 18, 2023, defendant Kurashvili operated a motor vehicle bearing license plate number T674378C in the course of his employment with defendant Iaroslav Melnik. 
Both facts were alleged in paragraph fifteen and sixteen of the verified complaint. Both facts were denied in the joint verified answer of defendants Kurashvili and Melnik.
On January 9, 2025, plaintiff filed the instant motion based on the defendants' failure to respond to the notice to admit. 
On February 7, 2025, defendants Kurashvili and Melnik filed a response to the plaintiff's notice to admit in which they, once again, denied both allegations of fact.
On February 13, 2025, plaintiff filed an affirmation in reply to defendants Kurashvili and Melnik's opposition to the instant motion. Plaintiff contended that their response to the notice to admit was untimely and should be disregarded.
LAW AND APPLICATION
"CPLR 3123 (a) authorizes the service of a notice to admit upon a party and provides that if a timely response thereto is not served, the contents of the notice are deemed admitted" (American Bldrs. & Contrs Supply Co. Inc. v Vinyl is Final, Inc., 222 AD3d 708, 709 [2d Dept 2023], citing 32nd Ave. LLC v Angelo Holding Corp., 134 AD3d 696, 697 [2d Dept 2015]). "However, the purpose of a notice to admit is only to eliminate from contention those matters which are not in dispute in the litigation and which may be readily disposed of" (American Bldrs. & Contrs Supply Co. Inc. v Vinyl is Final, Inc., 222 AD3d 708, 709 [2d Dept 2023], citing Priceless Custom Homes, Inc. v O'Neill, 104 AD3d 664, 665 [2d Dept 2013], and citing HSBC Bank USA, N.A. v Halls, 98 AD3d 718, 721 [2d Dept 2012], and citing Taylor v Blair, 116 AD2d 204, 206 [1st Dept 1986]). "A notice to admit is not to be employed to obtain information in lieu of other disclosure devices, or to compel admissions of fundamental and material issues or contested ultimate facts" (American Bldrs. & Contrs Supply Co. Inc. v Vinyl is Final, Inc., 222 AD3d 708, 709 [2d Dept 2023], citing Priceless Custom Homes, Inc. v O'Neill, 104 AD3d 664, 665, and citing HSBC Bank USA, N.A. v Halls, 98 AD3d 718, 721 [2d Dept 2012]). 
Here, the notice to admit sought concessions that go to the essence of the controversy between the plaintiff and defendants Kurashvili and Melnik, to wit, whether Kurashvili controlled or operated a motor vehicle bearing license plate number T674378C in the course of his employment with defendant Iaroslav Melnik. The plaintiff could not have reasonably believed that the admissions plaintiff sought were not in substantial dispute (see Nacherlilla v Prospect Park Alliance, Inc., 88 AD3d 770, 772 [2d Dept 2011]; see American Bldrs. & Contrs Supply Co. Inc. v Vinyl is Final, Inc., 222 AD3d 708, 709-710 [2d Dept 2023]). Consequently, the notice to admit was palpably improper (see Williams v City of New York, 125 AD3d 767, 768 [2d Dept 2015]; see American Bldrs. & Contrs Supply Co. Inc. v Vinyl is Final, Inc., 222 AD3d 708, 710 [2d Dept 2023]). Moreover, the information sought in the notice to admit was obtainable through discovery, including depositions (see Altman v Kelly, 128 AD3d 741, 743 [2d Dept 2015]).
CONCLUSION
The branch of the motion by plaintiff Jared Jagdeo for an order pursuant to CPLR 3123 (a) deeming the information sought in plaintiff's notice to admit directed against defendants Dimitri Kurashuli and Iaroslav Melnik as admitted is denied.
The branch of the motion by plaintiff Jared Jagdeo for an order pursuant to CPLR 3123 (a) awarding plaintiff penalties, including reasonable fees and costs, against defendants Dimitri [*2]Kurashuli and Iaroslav Melnik is denied.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.