JPMorgan Chase Bank, N.A. v Stern (2025 NY Slip Op 03800)

JPMorgan Chase Bank, N.A. v Stern

2025 NY Slip Op 03800

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-07762
 (Index No. 15085/10)

[*1]JPMorgan Chase Bank, National Association, appellant, 
v
Kreindy Stern, respondent, et al., defendants. LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for appellant.

Menashe & Associates LLP, Montebello, NY (Chezki Menashe of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated January 9, 2017. The order granted the motion of the defendant Kreindy Stern for leave to reargue that branch of her prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her, which had been denied in an order of the same court entered August 19, 2014, and, in effect, her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference, which had been granted in the order entered August 19, 2014, and, upon reargument, in effect, vacated so much of the order entered August 19, 2014, as denied that branch of that defendant's prior cross-motion and granted those branches of the plaintiff's prior motion, and thereupon, granted that branch of that defendant's prior cross-motion and denied those branches of the plaintiff's prior motion.
ORDERED that the order dated January 9, 2017, is modified, on the law, by deleting the provision thereof, upon reargument, vacating so much of the order entered August 19, 2014, as denied that branch of the prior cross-motion of the defendant Kreindy Stern which was for summary judgment dismissing the complaint insofar as asserted against her, and thereupon, granting that branch of that defendant's prior cross-motion, and substituting therefor a provision, upon reargument, adhering to the original determination in the order entered August 19, 2014, denying that branch of that defendant's cross-motion; as so modified, the order dated January 9, 2017, is affirmed, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendant Kreindy Stern (hereinafter the defendant) to foreclose a mortgage on certain real property located in Rockland County. The defendant interposed an answer.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's failure to comply with RPAPL 1304 or, in the alternative, for leave to serve and file an amended answer. By order entered August 19, 2014, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion.
The defendant moved for leave to reargue that branch of her prior cross-motion which [*2]was for summary judgment dismissing the complaint insofar as asserted against her and, in effect, her opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference. The plaintiff opposed the motion. By order dated January 9, 2017, the Supreme Court granted the defendant leave to reargue and, upon reargument, in effect, vacated so much of the order entered August 19, 2014, as denied that branch of the defendant's prior cross-motion and granted those branches of the plaintiff's prior motion, and thereupon, granted that branch of the defendant's prior cross-motion and denied those branches of the plaintiff's prior motion. The plaintiff appeals.
Even where a motion for reargument is technically untimely under CPLR 2221(d)(3), a court has discretion to reconsider its prior ruling (see HSBC Bank USA, N.A. v Halls, 98 AD3d 718). Here, the Supreme Court misapprehended the law insofar as it relates to the defendant's contention concerning RPAPL 1304, and thus, leave to reargue was providently granted (see HSBC Bank USA, N.A. v Halls, 98 AD3d 718).
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109, 1110; see U.S. Bank N.A. v McQueen, 221 AD3d 1049, 1050). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "'RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage'" (Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d at 1110, quoting Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d at 1236).
Here, upon reargument, the Supreme Court properly denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In order to evidence the mailing of the 90-day notices, the plaintiff proffered the 90-day notices and the affidavit of Kristina Mitkovski, who was employed as a vice president of the plaintiff and who averred that, according to the business records she reviewed, 90-day notices were sent via certified and first-class mail to the subject property.
Even if Mitkovski's affidavit set forth a proper foundation for the admissibility of the unspecified records upon which she relied, Mitkovski failed to attach those records. "'[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (Bayview Loan Servicing, LLC v Healey, 229 AD3d 749, 752, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). Without the submission of the business records upon which she relied, Mitkovski's assertions were inadmissible hearsay (see Green Tree Servicing, LLC v Helmsorig, 227 AD3d 1053, 1055). Furthermore, Mitkovski's "affidavit did not establish proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed," as she did not attest that she was familiar with the standard office mailing procedures of the plaintiff (Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d at 1111; see US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 720-721; U.S. Bank N.A. v Adams, 202 AD3d 867, 869).
Finally, while the notices themselves state that they were sent via certified and first-class mail, "the tracking numbers on the copies of the 90-day notices submitted by the plaintiff, standing alone, did not suffice to establish, prima facie, proper mailing under RPAPL 1304" (Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d at 1111; see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 760).
Therefore, the plaintiff's submissions failed to demonstrate its prima facie compliance with RPAPL 1304, and in turn, its prima facie entitlement to judgment as a matter of law (see Green [*3]Tree Servicing, LLC v Helmsorig, 227 AD3d at 1055).
However, upon reargument, the Supreme Court erred in granting that branch of the defendant's prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's failure to comply with RPAPL 1304, as the defendant's bare and conclusory moving affidavit was insufficient to carry her burden on that branch of her prior cross-motion as a matter of law (see Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 696-697).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court