U.S. Bank, N.A. v Onuogu (2020 NY Slip Op 06310)





U.S. Bank, N.A. v Onuogu


2020 NY Slip Op 06310


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-09240
 (Index No. 34676/12)

[*1]U.S. Bank, National Association, etc., respondent,
v
Ejike Onuogu, appellant, et al., defendants.


Alice A. Nicholson, Brooklyn, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ejike Onuogu appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated May 29, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ejike Onuogu, to strike that defendant's twelfth affirmative defense, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ejike Onuogu, to strike that defendant's twelfth affirmative defense, and for an order of reference are denied.
In support of its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Ejike Onuogu (hereinafter the defendant), the plaintiff failed to submit sufficient evidence of its compliance with the notice requirements of RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 867; LNV Corp. v Sofer, 171 AD3d 1033, 1036-1037; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242). The plaintiff submitted an affidavit of Nichole Renee Williams, an officer of Bank of America, N.A. (hereinafter BANA), the prior servicing agent for the plaintiff, who attested that on certain dates BANA "caused to be mailed" the notice pursuant to RPAPL 1304 by certified and first-class mail. However, the record indicates that the 90-day notices appear to have been mailed by an entity known as Walz Group, Inc. (hereinafter Walz Group). While Williams averred that she had personal knowledge of BANA's procedures for creating its business records and was familiar with BANA's standard business practices used to ensure that letters such as the 90-day notices pursuant to RPAPL 1304 were properly addressed and mailed, she did not attest that she personally mailed the notices or that she was familiar with the mailing practices and procedures of Walz Group, the third-party entity that apparently sent the notices. Therefore, Williams did not establish proof of standard office practices and procedures designed to ensure that items are properly addressed and mailed (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 867; LNV Corp. v Sofer, 171 AD3d at 1036-1037; U.S. Bank N.A. v Offley, 170 AD3d at 1242). Moreover, the plaintiff failed to address the nature of BANA's relationship with Walz Group and whether Walz Group's records were incorporated into BANA's own records or routinely relied upon in its business (see US Bank N.A. v Hunte, 176 AD3d 894, 896; Bank of N.Y. [*2]Mellon v Gordon, 171 AD3d 197, 209-210).
The defendant's contention with regard to the plaintiff's alleged lack of compliance with a condition precedent in the mortgage was waived, as the defendant failed to assert it as an affirmative defense in his answer (see CPLR 3015[a]; US Bank N.A. v Quacoe, 174 AD3d 832, 833-834).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's twelfth affirmative defense, and for an order of reference.
In light of our determination, we need not reach the defendant's remaining contention.
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court