Freedom Mtge. Corp. v Granger (2020 NY Slip Op 07038)





Freedom Mtge. Corp. v Granger


2020 NY Slip Op 07038


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-10962 
2020-00669
 (Index No. 15625/10)

[*1]Freedom Mortgage Corporation, respondent,
v
Denise Granger, appellant, et al., defendants.


Brooklyn Legal Services Corporation A, Brooklyn, NY (Alexander Knipenberg of counsel), for appellant.
In an action to foreclose a mortgage, the defendant Denise Granger appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 30, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Ingrid Joseph. J.) dated August 16, 2019. The order granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm a referee's report and directed the sale of the subject premises.



DECISION & ORDER
By order to show cause dated December 2, 2019, inter alia, the parties to the appeal from the order were directed to show cause why an order should or should not be made and entered dismissing the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion dated February 10, 2020, this Court, inter alia, held the motion in abeyance and referred the motion to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show case and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Denise Granger, to strike her answer, and for an order of reference are denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in this action (see Matter of Aho, 39 NY2d 241, [*2]248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In June 2010, the plaintiff, Freedom Mortgage Corporation, commenced the instant action to foreclose a mortgage against the defendant Denise Granger (hereinafter the defendant), among others. In January 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In support of the motion, the plaintiff submitted the affidavit of Shanna Simmons, assistant secretary of "LoanCare, LLC, formerly known as LoanCare a Division of FNF Servicing, Inc., which previously was the loan servicer for Freedom Mortgage Corporation." Simmons stated, in relevant part, that the 90-day notice required by RPAPL 1304 was mailed to the defendant "by First Class and Certified Mail in an envelope separate from any other mailing or notice in accordance with LoanCare, LLC's regular office mailing practices."
The defendant opposed the motion on the ground that Simmons' affidavit was insufficient to prove that the mailing actually happened, and that the 90-day notice was deficient on its face because its contents did not comply with RPAPL 1304. The defendant submitted a 90-day notice sent by a different company to compare with the one sent by the plaintiff, arguing that the comparison showed that the notice sent by the plaintiff was in a type smaller than the statutorily required 14-point type.
In an order dated April 30, 2018, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In an order and judgment of foreclosure and sale dated August 16, 2019, the court granted the plaintiff's motion to confirm the referee's report, and directed the sale of the subject premises. The defendant appeals.
We disagree with the Supreme Court's determination that the plaintiff established that it had strictly complied with the notice requirements of RPAPL 1304. "[T]he plaintiff failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by an individual with personal knowledge of that procedure" (U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 986; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21). Although Simmons stated that the 90-day notice was mailed "in accordance with LoanCare, LLC's regular office mailing practices," she failed to describe those practices (cf. HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 670). Moreover, the defendant correctly argues that the 90-day notice was deficient on its face, because its contents did not comply with RPAPL 1304 (see Tuthill Fin., a Ltd. Partnership v Candlin, 129 AD3d 1375, 1376). Consequently, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, regardless of the sufficiency of the appellant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court