Caliber Home Loans, Inc. v Weinstein (2021 NY Slip Op 05021)





Caliber Home Loans, Inc. v Weinstein


2021 NY Slip Op 05021


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-03746
2019-03747
 (Index No. 606529/16)

[*1]Caliber Home Loans, Inc., respondent,
v
Herman Weinstein, etc., et al., appellants, et al., defendants.


Christopher Thompson, West Islip, NY (Shannon Cody McKinley of counsel), for appellants.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Herman Weinstein and Paula Weinstein appeal from (1) an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), entered January 17, 2019, and (2) an order of the same court dated February 6, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated March 7, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Herman Weinstein and Paula Weinstein, to strike those defendants' answer, and for an order of reference, among other things, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The order dated February 6, 2019, in effect, denied that branch of the cross motion of the defendants Herman Weinstein and Paula Weinstein which was for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Herman Weinstein and Paula Weinstein, to strike those defendants' answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for the entry of a judgment of foreclosure and sale is denied, and the order dated March 7, 2018, is modified accordingly; and it is further,
ORDERED that the appeal from the order dated February 6, 2019, is dismissed as academic in light of our determination on the appeal from the order and judgment of foreclosure and sale; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
In September 2000, the defendants Herman Weinstein and Paula Weinstein [*2](hereinafter together the defendants) executed a note in the sum of $168,000 in favor of nonparty ABN AMRO Mortgage Group, Inc. (hereinafter ABN), which was secured by a mortgage against the defendants' residential property in North Babylon, Suffolk County (hereinafter the property). In October 2001, the defendants executed a note in the sum of $8,302.41 in favor of ABN, which was also secured by a mortgage against the property. Also in October 2001, the defendants executed a consolidation, extension, and modification agreement, to consolidate the two notes, and a consolidated note in the sum of $175,000 in favor of ABN, which was secured by a consolidated mortgage against the property. In May 2005, the defendants executed another note in favor of ABN in the sum of $57,808.86, which was secured by a mortgage against the property. Also in May 2005, the defendants executed another consolidation, extension, and modification agreement to consolidate the October 2001 consolidated note with the May 2005 note, and a new consolidated note in the sum of $205,000 in favor of ABN, which was secured by a consolidated mortgage against the property.
In November 2006, the defendants executed a note in the sum of $107,419.68 in favor of nonparty JP Morgan Chase Bank, N.A. (hereinafter JP Morgan), the assignee of the May 2005 consolidated mortgage, which was secured by a mortgage against the property. Also in November 2006, the defendants executed another consolidation, extension, and modification agreement to consolidate the May 2005 consolidated note with the November 2006 note, and a new consolidated note in the sum of $300,000 in favor of JP Morgan, which was secured by a consolidated mortgage against the property. In June 2012, the defendants executed a loan modification agreement to create a new balance due in the sum of $308,808.71.
In April 2016, the plaintiff, as the alleged holder of the November 2006 consolidated note and mortgage, commenced this action to foreclose the November 2006 consolidated mortgage, as modified by the loan modification agreement. In a verified answer, the defendants asserted various affirmative defenses, including that the plaintiff failed to satisfy the requirement of sending 90-day notices as required by RPAPL 1304.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In support of the motion, the plaintiff submitted, among other things, an affidavit from Josh Cantu, a default servicing officer for the plaintiff. Cantu averred, inter alia, that the information in his affidavit was taken from the plaintiff's business records, and that he had personal knowledge of the plaintiff's procedures for creating and maintaining such records. Cantu stated that "[t]he Loan Records reflect" that the defendants defaulted on the subject loan by failing to make a payment due on September 1, 2012. Cantu also averred that "Plaintiff mailed to Defendants" "at the Subject Property" the 90-day notice required under RPAPL 1304 by both first-class and certified mail on November 19, 2015. In support of that assertion, Cantu attached copies of the 90-day notices allegedly addressed to each of the defendants at the property, along with envelopes bearing certified mail 22-digit barcodes. However, the 90-day notices attached, as well as the envelopes, were addressed to each of the defendants at an address in Seaford, Nassau County, which was not the proper address.
In opposition to the plaintiff's motion, the defendants submitted, among other things, an affidavit from Paula, who averred that neither she nor her husband, who was legally blind, ever received a notice of default or the RPAPL 1304 notice. The defendants argued, inter alia, that the plaintiff failed to establish that it actually mailed the 90-day notices to them at the property in compliance with RPAPL 1304. The defendants also asserted that a "Transaction Record" attached to Cantu's affidavit, which listed the purported mailings to both the property and the Seaford address, reflected that the purported mailings were made by nonparty Walz Group, Inc. (hereinafter Walz), rather than by the plaintiff. Thus, the defendants argued that the plaintiff failed to provide an affidavit from someone with personal knowledge of the purported mailings of the 90-day notices.
In an order dated March 7, 2018, the Supreme Court granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The court determined that in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, [*3]Paula's affidavit was insufficient to raise a triable issue of fact as to whether the 90-day notices were received at the property.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference. In support of their cross motion, the defendants submitted, among other things, an affidavit from Herman, who averred that he was 85 years old and legally blind, and that he did not open any mail at the property due to his legal blindness. Herman explained that "[d]ue to [his] deteriorated health," he was "unable to participate" in opposing the plaintiff's prior motion, but his "health has since improved" enough for him to participate, as corroborated by an accompanying affidavit from his physician. Herman added that once he was physically able to review the documents, as read to him by the defendants' attorney, he realized the 90-day notices were addressed to an address in Seaford, at which the defendants had never lived.
The plaintiff then submitted for the first time, as an attachment to a reply affirmation from its attorney, certified and first-class mail envelopes addressed to the property bearing barcodes matching those on accompanying 90-day notices. The plaintiff also submitted a reply affidavit from Cantu, who acknowledged that "[o]nce the required notices are ready to be mailed, [the plaintiff] forwards those notices to its authorized vendor, Walz . . ., a Certified Mail automation provider," which "is authorized to mail certain pre-foreclosure notices on behalf of [the plaintiff] on [the plaintiff's] letterhead."
In an order and judgment of foreclosure and sale entered January 17, 2019, the Supreme Court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the property. The defendants appeal.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895). Further, "where, as here, a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, the moving party is also required to make a prima facie showing of strict compliance with RPAPL 1304" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 657). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage. The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually occurred (see Citibank, N.A. v Conti—Scheurer, 172 AD3d 17, 21).
Here, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. Although Cantu stated in his affidavit that the RPAPL 1304 notices were mailed by certified and first-class mail to the defendants at the property, and he attached copies of 90-day notices with corresponding certified and first-class envelopes, Cantu did not attach the 90-day notices and envelopes addressed to the property where the defendants resided or any United States Post Office documentation showing that the purported mailings to the property actually occurred (see U.S. Bank N.A. v Hammer, 192 AD3d 846, 848-849). To the extent the plaintiff relies on copies of the 90-day notices with corresponding certified and first-class envelopes addressed to the property which were submitted for the first time in its reply papers on its subsequent motion, inter alia, to confirm the referee's report, those documents were insufficient to satisfy the plaintiff's prima facie burden on its initial motion, among other things, for summary judgment (see id. at 849). "A party seeking summary judgment should anticipate having to lay bare its proof and should not expect that it will readily be granted a second or third chance" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 [*4]AD3d 1017, 1020). Further, while Cantu asserted that he had personal knowledge of the plaintiff's procedures for creating and maintaining its business records, he did not attest that he was familiar with the mailing practices and procedures of Walz, the third-party entity that he acknowledged sent the notices (see U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 757). Thus, the plaintiff failed to establish proof of standard office practices and procedures designed to ensure the notices were properly addressed and mailed (see id. at 757).
Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' contentions regarding that branch of their cross motion which was to "strike interest pursuant to CPLR 5001" are not properly before this Court, as that branch of the cross motion remains pending and undecided (see Katz v Katz, 68 AD2d 536).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court