Bank of N.Y. Mellon v Sae Young Min (2022 NY Slip Op 00393)





Bank of N.Y. Mellon v Sae Young Min


2022 NY Slip Op 00393


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-00708
2019-00709
 (Index No. 511436/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Sae Young Min, appellant, et al., defendants.


Alice A. Nicholson, Brooklyn, NY, for appellant.
Hinshaw & Culbertson LLP, New York, NY (Brian S. McGrath of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sae Young Min appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated November 27, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Sae Young Min, to strike that defendant's answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Sae Young Min, to strike that defendant's answer and affirmative defenses, and for an order of reference are denied.
The plaintiff commenced this action against, among others, the defendant Sae Young Min (hereinafter the defendant) to foreclose a consolidated mortgage encumbering certain real property in Brooklyn. The defendant interposed an answer asserting, among other affirmative defenses, that the plaintiff failed to comply with RPAPL 1304 and with the notice of default provision in paragraph 22 of the consolidated mortgage agreement. The plaintiff moved, inter alia, in effect, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference. By order dated September 28, 2017, the Supreme Court denied the plaintiff's motion without prejudice. Thereafter, the plaintiff made a renewed motion for the same relief. In an order dated November 27, 2018, the court, among other things, granted those branches of the plaintiff's renewed motion. In a second order, also dated November 27, 2018, the court, inter alia, granted the same relief and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
The Supreme Court properly determined that the plaintiff established, prima facie, that it complied with the notice requirement set forth in paragraph 22 of the consolidated mortgage agreement (see CitiMortgage, Inc. v Goldberg, 197 AD3d 616, 618). The defendant's affidavit in opposition in which she denied receipt of the required notice was insufficient to raise a triable issue [*2]of fact (see U.S. Bank N.A. v Panzer, 189 AD3d 1109, 1111).
However, the Supreme Court improperly determined that the plaintiff established, prima facie, its strict compliance with RPAPL 1304. "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action [ ] and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131-132 [internal quotation marks and citations omitted]). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236).
"A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [internal quotation marks omitted]; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232). "[M]ailing may be proved by any number of documents meeting the requirements of the business records exception to the hearsay rule under CPLR 4518" (U.S. Bank National Association v Kohanov, 141 NYS3d 137, 140, quoting U.S. Bank N.A. v Goldberg, 171 AD3d 981, 982 [internal quotation marks omitted]).
Here, the plaintiff failed to establish its strict compliance with RPAPL 1304. The plaintiff's submissions established that RPAPL 1304 notices were mailed by certified and first-class mail to the defendant at her last known address, and by first-class mail to the defendant at the subject property (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 761; Citimortgage, Inc. v Ustick, 188 AD3d 793, 794). However, the plaintiff's submissions failed to establish that an RPAPL 1304 notice was also mailed by certified mail to the defendant at the subject property (see Caliber Home Loans, Inc. v Squaw, 190 AD3d 926, 928; US Bank N.A. v Pierre, 189 AD3d 1309, 1311-1312; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1518). No evidence that the RPAPL 1304 notice was mailed by certified mail to the defendant at the subject property was provided, and the affidavit of a document control officer of the plaintiff's loan servicer submitted by the plaintiff failed to describe the procedures in place designed to ensure that RPAPL 1304 notices are properly addressed and mailed by both certified and first-class mail (see US Bank N.A. v Pierre, 189 AD3d at 1311; Freedom Mtge. Corp. v Granger, 188 AD3d 1163, 1165). Since the plaintiff failed to provide evidence of actual mailing of the RPAPL 1304 notice by certified mail to the defendant at the subject property, "or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure," the plaintiff failed to establish its strict compliance with RPAPL 1304 (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1129). Accordingly, the Supreme Court erred in granting those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference.
The defendant's remaining contentions are improperly raised for the first time on appeal.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court