Wilmington Trust, N.A. v Meyerhoeffer (2023 NY Slip Op 04155)

Wilmington Trust, N.A. v Meyerhoeffer

2023 NY Slip Op 04155

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-09530 
2020-09531
 (Index No. 59703/19)

[*1]Wilmington Trust, N.A., etc., respondent, 
v
Dale F. Meyerhoeffer, etc., et al., appellants, et al., defendants.

Fred L. Seeman, New York, NY (Peter Kirwin of counsel), for appellants.
Friedman Vartolo, LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Dale F. Meyerhoeffer and Michelle A. Meyerhoeffer appeal from two orders of the Supreme Court, Westchester County (William J. Giacomo, J.), both dated October 21, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer and affirmative defenses, and for an order of reference, and denied that branch of those defendants' cross-motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon them. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Dale F. Meyerhoeffer and Michelle A. Meyerhoeffer, to strike their answer and affirmative defenses, and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Dale F. Meyerhoeffer and Michelle A. Meyerhoeffer, to strike their answer and affirmative defenses, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the defendants Dale F. Meyerhoeffer and Michelle A. Meyerhoeffer.
On October 13, 2002, the defendants Dale F. Meyerhoeffer and Michelle A. [*2]Meyerhoeffer (hereinafter together the defendants) executed a consolidated note in favor of the plaintiff's successor-in-interest in the principal sum of $493,000. To secure repayment of the consolidated note, the defendants executed a consolidated mortgage on real property located in Ossining.
In June 2019, the plaintiff commenced this action to foreclose the consolidated mortgage. The defendants interposed an answer in which they asserted, as affirmative defenses, among other things, lack of personal jurisdiction and failure to comply with RPAPL 1303 and 1304. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference. The defendants opposed the motion and cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon them. In an order dated March 21, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendants' cross-motion. By separate order, also dated March 21, 2020, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendants appeal from both orders.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131-132 [citations and internal quotation marks omitted]). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236).
"A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232). "Evidence of an established and regularly followed office procedure may give rise to a rebuttable presumption that such a notification was mailed to and received by the [intended recipient]" (CIT Bank N.A. v Schiffman, 36 NY3d 550, 556 [citation and internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Shields, 201 AD3d 1007, 1009). "'[I]n order for the presumption to arise, [the] office practice must be geared so as to ensure the likelihood that [the] notice . . . is always properly addressed and mailed'" (CIT Bank N.A. v Schiffman, 36 NY3d at 556, quoting Nassau Ins. Co. v Murray, 46 NY2d 828, 830; see Wells Fargo Bank, N.A. v Shields, 201 AD3d at 1009).
Here, an affidavit from an employee of the plaintiff's loan servicer, which was submitted by the plaintiff in support of its motion, failed to specifically describe the procedures in place designed to ensure that RPAPL 1304 notices are properly addressed and mailed both by first-class and by registered or certified mail (see Bank of N.Y. Mellon v Sae Young Min, 201 AD3d 854, 855; Freedom Mtge. Corp. v Granger, 188 AD3d 1163, 1165). Moreover, while "'[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon'" (Bank of N.Y. Mellon v Basta, 205 AD3d 664, 665, quoting Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826), the business records submitted by the plaintiff and relied upon by the employee of the plaintiff's loan servicer in his affidavit failed to establish that the 90-day notice was actually mailed to both of the defendants both by certified mail and by first-class mail (see US Bank N.A. v Pierre, 189 AD3d 1309, 1311-1312). "'[I]t is the [*3]business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d 1030, 1033, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). As the plaintiff "failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure," the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see JPMorgan Chase Bank, N.A. v Gershfeld, 187 AD3d 1003, 1005).
"'[A]n objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship'" (U.S. Bank N.A. v Roque, 172 AD3d 948, 950, quoting Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d 859, 861 [internal quotation marks omitted]; see CPLR 3211[e]).
Here, the defendants waived their defense of lack of personal jurisdiction on the basis of improper service of process, as they failed to move to dismiss on that ground within 60 days after serving their answer, and further failed to satisfy the strict undue hardship standard (see CPLR 3211[e]; U.S. Bank N.A. v Roque, 172 AD3d at 950; Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d at 861; Wiebusch v Bethany Mem. Reform Church, 9 AD3d 315, 315).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court