US Bank N.A. v McQueen (2023 NY Slip Op 06162)

US Bank N.A. v McQueen

2023 NY Slip Op 06162

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-06776
 (Index No. 3491/09)

[*1]US Bank National Association, etc., appellant, 
v
Rhonda McQueen, et al., respondents, et al., defendants.

Friedman Vartolo, LLP, New York, NY (Zachary Gold of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered August 3, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Rhonda McQueen and Robert McQueen, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff's predecessor-in-interest commenced this action against the defendants Rhonda McQueen and Robert McQueen (hereinafter the defendants), among others, to foreclose a mortgage on certain real property in Baldwin. The defendants interposed an answer asserting various affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion. By order entered August 3, 2022, the Supreme Court denied the motion. The plaintiff appeals.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131-132 [citations and internal quotation marks omitted]). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering—Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti—Scheurer, 172 AD3d 17, 21; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d at 1236).
Here, the plaintiff failed to demonstrate its strict compliance with RPAPL 1304. The plaintiff failed to submit an affidavit of mailing or proof of mailing by the United States Postal Service evidencing that it properly mailed a notice to the defendant pursuant to RPAPL 1304. Moreover, the one copy of the 90-day notice submitted by the plaintiff, dated September 16, 2008, did not bear any indicia of mailing. In order to evidence the mailing of the 90-day notices, the plaintiff proffered the affidavit of Anthony Younger, an assistant secretary of the plaintiff's loan servicer, Rushmore Loan Management Services, LLC (hereinafter Rushmore). Younger attested to his familiarity with Rushmore's business records, as well as those of prior servicers, which were integrated into Rushmore's business records and relied upon in the ordinary course of its business. Younger further stated that according to the business records he reviewed, 90-day notices were served via certified and first class mail at the mortgaged premises. Nevertheless, Younger did not attach any business records establishing this (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206; ). In addition, Younger did not attest to having personally mailed the notices, nor that he was familiar with the mailing procedures of the entity that mailed the notices, and that such procedures were designed to ensure that the notices were properly addressed and mailed (see U.S. Bank N.A. v Krakoff, 199 AD3d 859, 863). The plaintiff also failed to attach domestic return receipts or other evidence to demonstrate the actual mailings by certified mail or first-class mail. Accordingly, the plaintiff failed to establish, prima facie, that the mailing of the 90-day notices actually occurred (see Wilmington Trust Co. v Prashad, 199 AD3d 1042; Federal Natl. Mtge. Assn. v Donovan, 197 AD3d 694, 696; Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 851).
Contrary to the plaintiff's contention, the defendant did not waive a defense based on noncompliance with RPAPL 1304 by failing to raise the defense in his answer (see Nationstar Mtge., LLC v Gayle, 191 AD3d 1003, 1005; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720). Furthermore, the plaintiff bore the burden, on its motion for summary judgment, to establish, prima facie, that RPAPL 1304 did not apply to the loan, and it failed to meet its burden (see Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676, 677).
Since the plaintiff failed to satisfy its prima facie burden with respect to RPAPL 1304, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference were properly denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In view of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court