U.S. Bank N.A. v Sansone (2024 NY Slip Op 04413)

U.S. Bank N.A. v Sansone

2024 NY Slip Op 04413

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-10382
 (Index No. 15312/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Melchior Sansone, appellant, et al., defendants.

Richard Wolfson P.C., Uniondale, NY (Eugene S. R. Pagano of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Yimell M. Suarez Abreu of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Melchior Sansone appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated November 23, 2022. The order, after a nonjury trial, directed the striking of the defendant's second affirmative defense and answer, and directed the appointment of a referee to compute the amount due to the plaintiff.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
On February 3, 2006, the defendant Melchior Sansone (hereinafter the defendant) executed and delivered to the plaintiff's predecessor in interest, New Century Mortgage Corporation, a note in the amount of $361,200, which was secured by a mortgage on residential property located in North Babylon. The defendant allegedly defaulted in making the mortgage payments due on September 1, 2007, and thereafter.
In April 2009, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer with various affirmative defenses, including, as a second affirmative defense, lack of standing. In March 2021, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In an order dated April 19, 2022, the Supreme Court, among other things, denied that branch of the plaintiff's motion, concluding that the affidavits submitted in support of the motion were insufficient to establish the plaintiff's standing or compliance with the notice requirements of RPAPL 1304, and, pursuant to CPLR 3212(g), directed a trial limited to the issues of standing and compliance with RPAPL 1304.
After a nonjury trial on those issues, the Supreme Court found that, based on the testimony of the plaintiff's witness and the exhibits introduced by the plaintiff, the plaintiff established its standing and strict compliance with RPAPL 1304. The court issued an order dated November 23, 2022, directing the striking of the defendant's second affirmative defense and answer, and directing the appointment of a referee to compute the amount due to the plaintiff. The defendant [*2]appeals.
"Pursuant to UCC 3-804, which is intended to provide a method of recovery on instruments that are lost, destroyed, or stolen, a plaintiff is required to submit 'due proof of [the plaintiff's] ownership, the facts which prevent [its] production of [the note,] and its terms'" (Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044, quoting UCC 3-804; see JPMorgan Chase Bank, N.A. v Morton, 226 AD3d 665, 668). A plaintiff may demonstrate the facts preventing the production of the note by submitting evidence of when the search for the lost note occurred, who conducted the search, and when and how the note was lost (see JPMorgan Chase Bank, N.A. v Morton, 226 AD3d at 668; Capital One, N.A. v Gokhberg, 189 AD3d 978, 980; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1044-1045). Here, the evidence adduced at the trial was sufficient to satisfy these requirements and to establish the plaintiff's standing pursuant to UCC 3-804.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131-132 [citations and internal quotation marks omitted]; see U.S. Bank N.A. v McQueen, 221 AD3d 1049, 1050). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see U.S. Bank N.A. v McQueen, 221 AD3d at 1050). Here, the plaintiff's witness testified in detail as to a standard office procedure designed to ensure that 90-day-notice letters are properly addressed and mailed to borrowers, as well as the business records reflecting exactly when the mailings were sent. This was sufficient to establish strict compliance with RPAPL 1304 by providing "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see U.S. Bank N.A. v McQueen, 221 AD3d at 1050).
Accordingly, the Supreme Court properly found that the plaintiff established that it had standing to commence this action and that it sustained its burden of proof with regard to the mailing of the RPAPL 1304 notice.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court