KBJ Med. Practice, P.C. v Lancer Ins. Co. (2025 NY Slip Op 50277(U))

[*1]

KBJ Med. Practice, P.C. v Lancer Ins. Co.

2025 NY Slip Op 50277(U)

Decided on March 3, 2025

Civil Court Of The City Of New York, Bronx County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 3, 2025
Civil Court of the City of New York, Bronx County

KBJ Medical Practice, P.C. AAO ISMAEL SEJOUR, Plaintiff

against
Lancer Insurance Co., Defendant

Index No. CV-716872-22/BX

Attorneys for Plaintiff: Sanders Grossman Aronova, PLLC
Attorneys for Defendant: Hollander Legal Group, PC

Brenda Rivera, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers                
Numbered
Motion 1
Opposition 2
Reply 3
Defendant moves pursuant to CPLR 3212 for an Order granting summary judgment based on the Assignor, Ismael Sejour's failure to attend an examination under oath. On a motion for summary judgment, the moving party must make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact. CPLR § 3212(b); Friends of Thayer Lake LLC v. Brown, 27 NY3d 1039 (2016); Kershaw v. Hosp. for Special Surgery, 114 AD3d 75 (1st Dept. 2013). Thus, on this summary judgment motion, Defendant has the burden of demonstrating that there are no issues of fact regarding whether proper notices of the examination under oath were mailed to the Assignor, and that the Assignor failed to appear for the examination under oath. Bath Ortho Supply Inc. v New York Central Mut. Fire Ins. Co., 2012 NY Slip Op 50271(U), (App Term, 1st Dept 2002).
In order to meet this burden, the movant may submit an affidavit by someone with personal knowledge of the facts establishing that the Assignor was properly noticed and failed to appear. CPLR 3212(b). In 2024, the Legislature eased the affidavit requirement by permitting the submission of an affirmation instead. CPLR 2106. In support of the motion, Defendant submits the affirmation and affidavits of its attorney Mr. Allan S. Hollander, President of Hollander Legal Group, PC (Attorney) to establish that the notices directing the Assignor to appear were properly mailed and that the Assignor failed to appear. The Attorney's affirmation and affidavits use many of the boilerplate language tailored to meet the statutory requirements such as: that the mailings were created and maintained in the ordinary course of business, that Defendant has the duty to create and mail the documents in the ordinary course of business, that [*2]the affidavit is made from personal knowledge, that the record is made at or near the time of the alleged transaction, and/or that the affiant has personal knowledge of the facts because they oversee the department or the office procedures. However, it is not sufficient to merely recite buzz words or boilerplate language tailored to meet evidentiary requirements. The affiant must demonstrate that the information alleged is obtained by personal knowledge of the facts from the affiant's personal observation, personal experience, or personal involvement in the process. See: 5 N.Y.Prac., Evidence in New York State and Federal Courts § 6:18; and John H. Wigmore, Evidence in Trials at Common Law § 657 (Chadbourn rev. 1979)(personal knowledge is the impression derived through the exercise of one's senses, not from the report of others). 
Although the Attorney states that he oversees all the office procedures, he does not establish personal knowledge from observation or involvement with the procedures. The Attorney also states that his knowledge is "based upon a review of the file maintained by this office," and that "counsel for" Defendant or "an individual with personal knowledge of the information therein" created and mailed the notices. Thus, contradicting the allegation of personal knowledge. Moreover, the Attorney states that the notices were mailed via the United States Post Office by certified mail, return receipt requested and first-class mail. However, the notices attached to the motion indicate that the notices were only sent via first-class mail. The Attorney also fails to attach proof of certified mail, which would have met the burden. The contradictory affidavit and notices raise issues of fact as to whether the notices were properly mailed and whether the Attorney has personal knowledge.
Alternatively, the movant may also meet its burden by providing proof of the actual mailings, such as affidavits/affirmations of mailing or post office receipts with attendant signatures, or by establishing the presumption of mailing and receipt by providing proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure. U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757 (2021) quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17 (2019); see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232 (2021). In order for the presumption of mailing and receipt to arise, the standard mailing procedures followed by insurers in the regular course of business must be geared so as to ensure the likelihood that a notice is always properly addressed and mailed. Nassau Insurance Company v Diane M. Murray et al., 46 NY2d 828 (1978). This is the standard of proof that is often misapplied as Defendant insurers often recite boiler plate language describing their office procedures but do not establish that the office procedures ensure that the notices are always properly addressed and mailed.
As proof of its standard office procedure, Defendant submits the affidavit of Lenny H. LaFace, (LaFace) a Senior No-Fault Examiner located in Long Beach, New York. LaFace states that he is the custodian of the records, that the records were created by a person with knowledge of the facts or were made from information transmitted by a person with knowledge of the facts, that the records were made near the time of the transaction, that the records were created and kept in the regular course of business, and that he has personal knowledge of Defendant's regular business practices relating to the handling of No-Fault claims. LaFace also describes the procedures for mailing notices which involves a chain of custody of at least two employees and coordination with separate offices when examinations under oath, verification requests, or independent examinations are requested. However, LaFace's affidavit merely recites hearsay information and boilerplate language tailored to meet mailing requirements, and while the procedures described may increase the likelihood that notices are properly addressed and mailed, [*3]the procedures described fall short of the required standard to "ensure the likelihood that a notice is always properly addressed and mailed." Thus, the mere recitation of boiler plate language describing standard office procedures is not sufficient where the office procedures do not ensure the likelihood that a notice is always properly addressed and mailed, particularly where the affiant is not personally involved in the process and the notices are handled by more than one person. One way to meet the burden and to establish that the office procedures "ensure the likelihood that the notice is always properly addressed and mailed" is to have each employee electronically log or document the chain of custody of the notice with their name, date and time each notice is handled along with a copy of the log. The affirmation/affidavit submitted on the motion should include said information, instead of generically reciting that an employee followed the office procedures. While this appears to add extra steps to the process, it is a necessary step as the grant of summary judgment deprives a litigant of their day in court and the burden to eliminate all triable issues is a very high burden which may not be based upon hearsay information, generic or boilerplate language.
Therefore, the court finds that Defendant failed to meet the burden of demonstrating the absence of any material issues of fact with respect to whether the Defendant mailed to the Assignor the notices to appear for the examination under oath. However, Defendant met its burden in establishing that the Assignor failed to appear at the examination under oath by submitting a certified transcript by a non-interested reporter and the Attorney's affidavit of personal knowledge establishing the Assignor's nonappearance.
Accordingly, Defendant's motion is granted only to the extent of granting that portion of the motion finding that the Assignor failed to appear at an examination under oath and leaving the issue of the proper mailing of the notice to appear to be determined at trial.
Date: March 3, 2025
Hon. Brenda Rivera, JCC