Branch Banking & Trust Co. v Coote (2026 NY Slip Op 01912)

Branch Banking & Trust Co. v Coote

2026 NY Slip Op 01912

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Index No. 32225/15|Appeal No. 6232-6233|Case No. 2025-02843, 2025-03637|

[*1]Branch Banking and Trust Company, Plaintiff-Respondent,
vJuliet A. Coote, Defendant-Appellant, Keeble Martindale et al., Defendants. 

Michael Kennedy Karlson, New York, for appellant.
McCalla Raymer Leibert Pierce, LLP, New York (David Gantz of counsel), for respondent.

Amended order and judgment of foreclosure and sale (one paper), Supreme Court, Bronx County (Naita A. Semaj, J.), entered June 5, 2025, which granted plaintiff's motion to confirm the Referee's report and for a judgment of foreclosure and sale, and bringing up for review an order, same court (Doris M. Gonzalez, J.), entered October 23, 2019, which granted plaintiff's renewed motion for summary judgment and an order of reference, unanimously affirmed, with costs. Appeal from the original order and judgment of foreclosure and sale (one paper), entered April 18, 2025, unanimously dismissed, without costs, as superseded by the appeal from the amended judgment.
Plaintiff established its compliance with RPAPL 1304 by submitting the affidavits of a paralegal from former counsel for plaintiff and of a banking officer, the latter of which attached, among other things, a letter log showing that an RPAPL 1304 90-day notice was sent by plaintiff's former law firm on July 10, 2015. Although the law firm created the log, the banking officer attested that plaintiff's records included the records acquired from the firm. These affidavits were sufficient to establish that plaintiff routinely relied on the documents reviewed, including the letter log. Together, these attestations sufficed to render the letter log admissible as a business record (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 8 [1st Dept 2017]).
In opposition, defendants did not present evidence showing that the 11-day time lag between the mailing of the 90-day notice and its entry in the letter log was too great for the latter to have been performed within a "reasonable time" of the mailing (CPLR 4518[a]; see People v Kinne, 71 NY2d 879, 880 [1988]). Defendants also furnished insufficient evidence calling the provenance of the record into question. Because the affidavits otherwise established that the firm sent the 90-day notice on July 10, 2015, the confusion about the USPS tracking record for the notice is irrelevant to the question of whether plaintiff complied with RPAPL 1304.
The court properly confirmed the Referee's report. Plaintiff's witness at the hearing testified that one of the documents she relied on, which plaintiff stored on its MSP system, was created by plaintiff in the ordinary course of business. Although the witness had previously worked for SunTrust Bank before it merged with plaintiff, she also testified that she had received training regarding plaintiff's document systems. While plaintiff used the MSP system to enter and store records, plaintiff itself, not the MSP, created the records, obviating the need for a witness to testify on behalf of the MSP service provider regarding how the records were maintained (cf. U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 757-758 [2d Dept 2020] [bank officer's testimony did not establish mailing of RPAPL 1304 notice where mailing was actually performed by a third-party agent]).
The court also properly relied on photocopies of records showing plaintiff's merger with SunTrust Bank and plaintiff's name change, as the originals of those documents were government records (see Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 19-20 [2d Dept 2009]). The records were not inadmissible merely because they were copies (see CPLR 4539[a]). The fact that the documents had a QR code to allow independent verification of them was insufficient to raise questions concerning their authenticity.
Finally, plaintiff did not need to establish the authenticity of the note and mortgage before the Referee, as the Referee had no authority to re-review the note and mortgage, which plaintiff had established on its summary judgment motion (see Petrychenko v Solovey, 177 AD3d 908, 910 [2d Dept 2019]). Defendants did not otherwise contest that the records from the MSP system showed the amount she owed as of April 1, 2022.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026